# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00075-SCT

*RONALD P. CREED*

*v.*

*WILL BLOOM, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/96 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT P. MYERS, JR. |
| | JOE SAM OWEN |
| ATTORNEYS FOR APPELLEE: | WILLIAM C. GRIFFIN |
| | LISA L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 12/10/1998 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/98 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. This case arises from Ronald P. Creed's complaint against Dr. William Bloom, Dr. Emanuel G. DeFraites, Jr., and Community Psychiatric Centers of Mississippi, Inc., d/b/a/ CPC Sand Hill Hospital (hereinafter CPC). Creed alleged that, while a patient at CPC, Dr. DeFraites prescribed him a neuroleptic drug, and, that, after his discharge from CPC, he was prescribed the same drug by Dr. DeFraites and Dr. Bloom. Creed also contended that the defendants failed to warn him of the drug's side effects or to monitor his condition while using the drug. As a result, Creed asserted that he had tardive dyskinesia.

¶2. Both Creed and Dr. Bloom stated in depositions that Dr. Bloom had never met or treated Creed or prescribed medication for Creed. Creed also stated that he did not know Dr. Bloom. The only evidence that may have connected Dr. William Bloom and Creed was a "Tax Information Summary" (TIS) from a local drug store, which listed "Bloom, Will" as the doctor who prescribed the neuroleptic drug received by Creed on three occasions. Numerous other entries on the TIS listed Dr. DeFraites as the person who prescribed the same medication. The record contains no connection between Dr. Bloom and his co-defendants (including Dr. DeFraites). In addition, there is no evidence that the "Will Bloom" listed in the TIS is the appellee in this case or that he prescribed medication to the appellant.

¶3. The trial judge ruled that the TIS was inadmissible, and granted summary judgment in favor of Dr. Bloom. Creed appeals, and primarily argues the admissibility of the TIS. However, even assuming, *arguendo*, that the TIS is admissible, Creed has the burden of "producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of [his] injury." ***Palmer v. Anderson Infirmary Benevolent Ass'n***, 656 So. 2d 790, 794 (Miss. 1995) (quoting ***Palmer v. Biloxi Regional Medical Center, Inc.***, 564 So.2d 1346, 1355 (Miss.1990)).

¶4. Creed has not presented any significant and probative evidence of his medical malpractice claim against Dr. Bloom. This is especially true, given the fact that both parties testified that Dr. Bloom never treated Creed or prescribed medication to Creed. Therefore, because there is no question of material fact, the summary judgment of the trial court in favor of the appellee is affirmed. ***Id.***

*¶5.* **JUDGMENT IS AFFIRMED.**

**SULLIVAN, P.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J.**

### McRAE, JUSTICE, DISSENTING:

¶6. The Court averts the obvious in this case and sustains summary judgment. The majority conveniently fails to mention the critical affidavit of Registered Pharmacist Elizabeth Nelson, which authenticates the Tax Information Summary (TIS). Were the majority to fully consider the situation, it would acknowledge the TIS for what it is: admissible evidence that provides a genuine issue of material fact thereby precluding summary judgment for Bloom. Hence, I dissent.

¶7. The TIS statement is itself facially admissible pursuant to the Miss. R. Evid. 803(6) business records exception to the hearsay rule. Bloom attacks the TIS as not meeting the rule's trustworthiness requirement. Such an argument is unfounded. Nelson produces such TIS documents and receives call-in prescriptions as normal activities of her profession. If this business practice by a registered pharmacist was untrustworthy, would the pharmaceutical board, physicians, or insurance companies allow such behavior to persist? I think not. Pharmacists would be pressured to modify their business procedures. Yet, no such pressure has been exerted.

¶8. Appellant authenticates the TIS with the affidavit of Nelson, which details her personal knowledge relevant to the case. In the affidavit, Nelson swore to being a registered pharmacist at Big B Drugs in Gulfport during the period at issue. She stated that Big B Drugs "routinely prepares Tax Insurance Summaries for its customers" of which the one at issue in this case was prepared under her direction and contained an apparent call-in prescription record from Dr. Will Bloom. She stated that the only Dr. Will Bloom of which Big B maintained a record was Dr. William Bloom of Louisianathe appellee's domiciliary.

¶9. Despite such information, the trial court still determined that Nelson lacked personal knowledge. Indeed, the court below deemed Nelson's following key statement to be self-serving rather than based on personal knowledge and probative: "we are not allowed to dispense prescriptive medication without first

receiving a written prescription from a medical doctor or receiving the prescription by telephone from the doctor's office." I find it difficult to simply categorize such a statement as self-serving and prejudicial. The statement appears quite probative as the TIS identifies Bloom as the relevant physician; the above-quoted language thereby serves as a probative evidentiary nexus between Bloom's status as a call-in physician and that TIS.

¶10. The Court cites *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995), to state that Creed lacks "evidence of significant and probative value" to overcome the motion for summary judgment. Yet, the Court ignores the fact thatas previously discussedthe TIS coupled with the affidavit indeed provides significant and probative information adverting to Bloom's call-in prescription of Stelazine for Creed.

¶11. The Nelson affidavit is far from self-serving. Indeed, it serves to support the TIS which itself shows appellee Bloom's probative action to phone in Creed's prescription. The TIS is admissible, as well as the telephone order by the doctor, either as a business practice or under the grounds that the authenticating statement was made under Miss. R. Evid. 803(24), the prophylactic hearsay exception rule. Summary judgment should be reversed and the case remanded to allow Creed to properly present his case. Accordingly, I dissent.

**PITTMAN, P.J., JOINS THIS OPINION.**